**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KRISTINA SANDERS, | ) | |
| Individually and on behalf of all others | ) | |
| similarly situated | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 1:15-CV- 1756-RLY-DKL |
| | ) | |
| | ) | |
| Fenton & McGarvey Law Firm, P.S.C., and | ) | |
| LVNV Funding, LLC | ) | |
| | ) | |
| Defendant. | | |

**ANSWER TO COMPLAINT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, LVNV Funding, LLC, ("LVNV"), by counsel, and for its Answer to the Complaint filed by the Plaintiff herein, Kristina Sanders, states the following:

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCOA, and 28 U.S.C. § 1331.

**ANSWER**:     Admit.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff resides here.

**ANSWER**:     LVNV is without sufficient information to admit or deny the allegations asserted in paragraph 2 of the Complaint.

3. Plaintiff, Kristina Sanders ("Sanders"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from who Defendants attempted to collect a delinquent

consumer debt, which was owed for an HSBC credit card.

**ANSWER**:    LVNV is without knowledge as to the citizenship or current residence of Sanders. F&M, on behalf of its client, LVNV Funding, LLC, was attempting to collect a debt owed to LVNV Funding, LLC on an account originally owed by HSBC Bank Nevada, N.A.

4. Defendant Fenton & Garvey Law Firm, P.S.C. ("Fenton"), is a Kentucky corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Fenton operates a regional debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Indiana. In fact, Defendant Fenton was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER**:    Paragraph 4 is not directed toward the responding party and therefore no answer is required.

5. Defendant LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER**:    Admitted that LVNV is a Delaware limited liability company.  LVNV denies the remaining allegations asserted in paragraph 5 of the Complaint.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer

2

debts for pennies on the dollar, which if then collects upon through other collection agencies, like Defendant Fenton.

    **ANSWER**:   Paragraph 6 of Plaintiff's complaint seeks legal conclusion for which no response is required. To the extent further response is required by the Court, Defendant LVNV Denies.

    7. Ms. Sanders fell behind on paying her bills, including a debt she allegedly owed for an HSBC credit card account.  Ms. Sanders is informed and believes, through counsel, that at some point in time after the debt became delinquent, it was allegedly acquired by LVNV, which began trying to collect upon it by having Defendant Fenton send Ms. Sanders an initial form collection letter, dated September 21, 2015.  This collection letter stated: "ORIGINAL CREDITOR: HSBC Bank Nevada", and then later stated that the account was "owned by LVNV FUNDING LLCHSBC/ORCHARD BANK/STANDARD-M."   A copy of Defendants' letter is attached as Exhibit A̲.

    **ANSWER**:   LVNV admits to acquiring Ms. Sanders defaulted credit card account which was originated with HSBC Bank Nevada, N.A. LVNV is without sufficient information to admit or to deny the remaining allegations asserted in paragraph 7 of the Complaint and therefore denies same.

    8.   In fact, there is no such entity named 'LVNV FUNDING LLCHSBC/ORCHARD BANK/STANDARD-M." Moreover, Defendant's letter failed to explain what, if any, the relationship was between "LVNV Funding, LLC HSBC," "Orchard Bank." And/or Standard-M." This would cause a consumer to not know to whom the debt was currently owed.

    **ANSWER**:   LVNV had no direct involvement with the drafting or mailing of the letter in question which is attached to Plaintiff's Complaint as Exhibit A. LVNV admits that to the best

of its knowledge and understanding no entity exist under the name LVNV FUNDING LLCHSBC/ORCHARD BANK/STANDARD-M. LVNV is without sufficient information to admit or to deny the allegations asserted in paragraph 8 of the Complaint.

9.   Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

**ANSWER**:     Admit in part, deny in Part. LVNV admits that the collection letter sent by Fenton & McGarvey which is attached to Plaintiff's Complaint as Exhibit A was mailed within one year of the date of Plaintiff's Complaint.=LVNV denies any direct involvement in the collection actions taken against Plaintiff, including but not limited to the letter in question.

10.   Defendants' collection communications are to be interpreted under the "unsophisticated consumer' standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnershp</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER**:     The allegations set forth in Paragraph 10 seek legal conclusion to be determined by the court. Therefore, no response is required. To the extent further response is required by the Court, Defendant LVNV denies.

11.   Plaintiff adopts and realleges ¶¶ 1-10.

**ANSWER**:     LVNV adopts and realleges its responses to ¶¶ 1-10.

12.   Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Sanders with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to who the debt is owed:" <u>see</u> 15 U.S.C. § 1692g(a)(2).

**ANSWER**:     Defendant does not have sufficient information to admit or deny the allegations set forth in Paragraph 12. Defendant LVNV relies upon third party entities such as

Fenton and McGarvey to follow all FDCPA requirements when collecting on accounts owned by LVNV Funding, LLC.

13. Defendants' form collection letter violates §1692g(a)(2) of the FDCPA because it fails to identify effectively that Defendant LVNV was the current creditor to whom the debt was owed. See, Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); Walls v. United Collection Bureau, 2012 U.S. Dist, LEXIS 68079 (N.D. Ill 2012), Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); and Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015).

**ANSWER**:   Deny. The form collection letter in question was not drafted or mailed by Defendant LVNV Funding, LLC. As for the letter sent by Fenton & McGarvey Law Firm, LVNV is without sufficient information to admit or to deny the allegations asserted in paragraph 13 of the Complaint.

14. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER**:   LVNV denies violation of the FDCPA.

15. Plaintiff adopts and relleges ¶¶ 1-10.

**ANSWER**:   LVNV adopts and realleges its responses to ¶¶ 1-10.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collction of a debt. See, 15 U.S.C. § 1692e.

**ANSWER**:   LVNV admits that ¶ 16 paraphrases portions of the FDCPA. LVNV denies any violation thereof.

17.  Defendants, by falsely stating in their form collection letter, that the debt was owned

by "LVNV FUNDING LLC/HSBC/ORCHARD BANK/STANDARD-M," when, in fact, no such entity exists, made a materially false, deceptive or misleading statement in connection with the collection of a debt that violates § 1692e of the FDCPA.

**ANSWER**:    LVNV denies the allegation in paragraph 17 of the Complaint as they had no direct involvement in the drafting or mailing of the collection letter in question. As for the letter sent by Fenton & McGarvey Law Firm, LVNV is without sufficient information to admit or to deny the allegations asserted in paragraph 17.

18. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**ANSWER**:    LVNV denies the allegation in paragraph 18 of the Complaint.

19.  Plaintiff, Kristina Sanders, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally for an HSBC account, which now allegedly wed to LVNV, via the same form collection letter (Exhibit <u>A</u>), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

**ANSWER**:    LVNV is without sufficient information to admit or to deny the allegations asserted in paragraph 19 of the Complaint.

20.  Defendants Fenton and LVNV regularly engage in debt collection, using the same form collection letter they sent Plaintiff Sanders, in their attempts to collect delinquent consumer debts from other consumers..

**ANSWER**:    LVNV denies allegations in paragraph 20 of the Complaint to the extent

6

they are directed toward LVNV.

21.    The Class consists of more than 35 persons from whom Defendants Fenton and LVNV attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Sanders.

**ANSWER**:    LVNV is without sufficient information to admit or to deny the allegations in paragraph 21 of the Complaint.

22.    Plaintiff Sanders's claims are typical of the clams of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER**:    LVNV is without sufficient information to admit or to deny the allegations in paragraph 22 of the Complaint.

23.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interest of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER**:    LVNV is without sufficient information to admit or to deny the allegations in paragraph 23 of the Complaint.

24.    Plaintiff Sanders will fairly and adequately protect and represent the interests of the

Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Sanders has retained counsel experienced in class actin litigation, including class actions brought under the FDCPA.

**ANSWER**:    LVNV is without sufficient information to admit or to deny the allegations within paragraph 24 of the Complaint.

Defendant LVNV further denies each and every other allegation or claim for relief that is contained within the Plaintiff's Complaint and which is not specifically admitted or denied herein including, but not limited to, those that are contained within the Plaintiff's demand for relief.

## DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted. Fenton reserves its right to move for dismissal on the foregoing grounds at an appropriate future date.

2.      Defendant pleads and relies upon any and all of the other defenses that are available to it  within the Fair Debt Collections Practices Act and related applicable law, as a bar, in whole or in part, to the claims that are asserted within the Complaint.

3.      Some or all of the Plaintiff's claims may be subject to an arbitration agreement. Accordingly, LVNV expressly reserves its right, if any, to move the Court for an Order remanding this case from its docket for arbitration proceedings.

4.      At all times relevant herein, LVNV has acted in good faith and without malice or intent to injure Plaintiff and defendant pleads same as a defense, in whole or in part, to the claims

that are asserted against it in the Complaint.

5.      To the extent LVNV has violated the Fair Debt Collection Practices Act, such violation was the result of a bona fide error (15 U.S.C. § 1692k).


WHEREFORE, Defendant, LVNV Funding, LLC, requests that the Complaint be dismissed, and that the Plaintiff take nothing thereby, its costs herein expended including, but not limited to, its reasonable attorney fees if recoverable, leave to amend its pleadings and to join other parties to this action as justice requires, and any and all other relief, at law and in equity, to which they may reasonably appear to be entitled.

Respectfully Submitted,

*/s/ Ross J. Lerch          .*
Ross J. Lerch
Fenton & McGarvey Law Firm, P.S.C.
2401 Stanley Gault Parkway
Louisville, KY 40223
rlerch@fenton-mcgarvey.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing had been electronically served through the Court's ECF system on the  21st day of January 2016, upon:

John Thomas Steinkamp                    */s/ Ross J. Lerch*
John Steinkamp & Associates          Ross J. Lerch
5218 S. East Street, Suite E1
Indianapolis, IN 46227
steinkamplaw@yahoo.com

David J. Philipps
Philipps and Philipps, LTD
9760 S. Roberts Road, Suite 1
Palos Hills, IL 60465
davephillips@aol.com

Mary E. Philipps
Philipps and Philipps, LTD
9760 S. Roberts Road, Suite 1
Palos Hills, IL 60465
mephillips@aol.com

Angie K. Robertson
Philipps and Philipps, LTD
9760 S. Roberts Road, Suite 1
Palos Hills, IL 60465
angiekrobertson@aol.com